IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION

United States of America

    v.                                    Case No. 2:96-cr-94

Anthony Suber

                           OPINION AND ORDER

    By judgment entered on April 15, 1997, defendant was sentenced to a term of incarceration of 300 months on Count 1, possession with the intent to distribute cocaine base in violation of 21 U.S.C. §841, a concurrent term of incarceration of 120 months on Count 3, felon in possession of a firearm in violation of 18 U.S.C. §922(g), and a consecutive term of incarceration of 60 months on Count 2, carrying a firearm during a drug crime in violation of 18 U.S.C. §924(c).

    On November 24, 2020, defendant filed a motion for compassionate release from imprisonment under 18 U.S.C. §3582(c)(1)(A). See Doc. 114. Counsel was appointed to represent the defendant. On December 22, 2020, defense counsel filed a supplemental motion indicating that further supplementation of defendant's motion was not necessary. Doc. 116. On January 15, 2021, the government filed a response in opposition, noting that defendant had failed to show that he had exhausted his administrative remedies. Doc. 118.

    Under §3582(c)(1)(A)(i), a motion for reduction in sentence for "extraordinary and compelling reasons" can be filed with the court if the defendant has exhausted his administrative remedies. If the defendant presents his request to the warden and receives no response within thirty days, he may then file a motion in the district court. See United States v. Daniels, No. 4:08-CR-0464-

SLB, 2020 WL 1938973 at *2-3 (N.D. Ala. Apr. 22, 2020); Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn. May 2, 2019).  This exhaustion requirement is not jurisdictional, but is a mandatory condition which must be enforced if the government timely objects to the failure to exhaust.  United States v. Alam, 960 F.3d 831, 833-834 (6th Cir. 2020).  Defendant has not alleged that he submitted a request for compassionate release to the warden, nor has he produced any documentary evidence to prove that he has exhausted his administrative remedies.

Based on the foregoing, defendant's motion and supplemental motion for compassionate release under §3582(c)(1)(A)(i) (Docs. 114 and 116) are denied without prejudice.  The defendant may renew his motion for compassionate release after he has exhausted his administrative remedies.

Date: January 21, 2021            s/James L. Graham
                                  James L. Graham
                                  United States District Judge